**HEANG EA; Malin Tang, Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–74727.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.[*]

Filed Nov. 30, 2009.

Frank L. Botti, Esq., Law Offices of Frank L. Botti, Woodland Hills, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM [**]

Heang Ea and Malin Tang, his former wife, and natives and citizens of Cambodia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

The record does not compel the conclusion that petitioners established extraordinary circumstances excusing their untimely filed asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *Ramadan v. Gonzales*, 479 F.3d 646, 657–58 (9th Cir.2007) (per curiam). As a result, petitioners' asylum claim fails.

Petitioners' asylum application omitted that they were attacked by members of the ruling party in Cambodia while on Ea's motorcycle. Because this is the most serious instance of alleged persecution, substantial evidence supports the agency's adverse credibility determination. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004). Accordingly, petitioners' withholding of removal claim fails.

We reject petitioners' contention regarding the IJ's denial of CAT relief on the merits because the BIA only adopted and affirmed the IJ's adverse credibility finding. *See Ramirez–Altamirano v. Holder*, 563 F.3d 800, 804 (9th Cir.2009) (this court's review is limited to the actual grounds relied upon by the BIA).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.